**Slip Op. 05-83**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| **WEST FRASER MILLS LTD.**,<br><br>     Plaintiff,<br><br>     v.<br><br>**UNITED STATES**,<br><br>     Defendant,<br><br>     and<br><br>**THE COALITION FOR FAIR LUMBER IMPORTS EXECUTIVE COMMITTEE**,<br><br>     Defendant-Intervenor. |

**BEFORE:** Restani, Chief Judge
Eaton, Judge
Stanceu, Judge

Consol. Court No. 05-00079

<u>MEMORANDUM ORDER</u>

Defendant United States moves, pursuant to USCIT Rule 7(f), for an order modifying a preliminary injunction that the Court issued by order dated March 7, 2005 in this case and a second preliminary injunction that the Court issued by order dated March 10, 2005 in two cases (Court Nos. 05-00136 and 05-00144) now consolidated in this action. Under the preliminary injunctions, defendant is enjoined, during the pendency of the litigation before this Court, from liquidating, or causing or permitting liquidation, of import entries of softwood lumber from Canada that were produced, exported or imported by the various plaintiffs in this consolidated case. For the reasons discussed herein, the Court

orders only those changes to the two injunctions to which all affected parties have consented.

Both preliminary injunctions were ordered with the consent of the parties. Defendant's motion now seeks to remove the names of certain importers of softwood lumber from Canada as identified in Attachment A to the March 7, 2005 injunction and in Exhibit A to the March 10, 2005 injunction. Defendant also seeks an order modifying the March 7, 2005 preliminary injunction by separately listing individual Customs identification numbers for Landmark Truss & Lumber Inc. (A-122-838-230), Frontier Mills Inc. (A-122-838-184), and Fraser Pacific Forest Products, Inc. (A-122-838-180).

All affected parties have consented to the changes that defendant's motion would make to the preliminary injunction entered on March 10, 2005. Defendant obtained consent for the changes it seeks to the March 7, 2005 preliminary injunction from all affected parties, with the exception of Commonwealth Plywood Co. Ltd., Leggett & Platt Ltd., and Leggett & Platt (B.C.) Ltd.

Defendant seeks to modify the preliminary injunction entered March 7, 2005 by deleting names of several importers that were listed with notations such as "doing business as," "formerly," or "now known as." The March 7, 2005 preliminary injunction identified Commonwealth Plywood Co. Ltd. as "also doing business as Bois Clo-Val and Les Entreprises Atlas." Defendant's motion seeks to remove Bois Clo-Val and Les Entreprises Atlas from Attachment A

of the March 7, 2005 preliminary injunction.  The March 7, 2005 preliminary injunction identified Leggett & Platt Ltd., and Leggett & Platt (B.C.) Ltd. as "(dba: Leggett Wood)."  Defendant seeks to have the notation "(dba: Leggett Wood)" removed from that injunction.

Defendant contends that the company names it would have removed from the preliminary injunctions do not match the names of the companies that participated before the U.S. Department of Commerce ("Commerce") in the administrative review at issue, as established by the administrative record.  See Def.'s Am. Mot. to Modify Inj. ("Def.'s Mot.") at 2.  According to defendant, Commerce "cannot recognize company names different from the specific, individual company names provided to Commerce on the record during the administrative review."  Id.  Defendant argues that the proposed modifications are necessary to enable Commerce to properly perform its administrative task of instructing the Bureau of Customs and Border Protection ("Customs") to suspend liquidation of subject entries of softwood lumber from Canada.  See id. at 4.

Commonwealth Plywood filed a brief in opposition to defendant's motion, arguing that the removal of Bois Clo-Val and Les Entreprises Atlas from the March 7, 2005 preliminary injunction amounts to "a motion to dismiss claims by two divisions of Commonwealth [Plywood] due to an alleged lack of standing."  Pl.'s Opp'n to Def.'s Mot. to Modify Inj. ("Pl.'s Opp'n") at 2.

Commonwealth Plywood disputes the factual assertions and legal conclusions asserted in defendant's motion, "<u>i.e.</u>, that Commonwealth and its divisions 'did not participate in the review' and that Commerce is 'prohibited' from issuing suspension and liquidation instructions until the injunction is amended." <u>Id.</u> at 5. According to Commonwealth Plywood, the Court should address the issues of standing that the defendant raises only after the parties are allowed to fully brief the Court. <u>See</u> <u>id.</u> at 6-8.

Defendant filed a motion, pursuant to USCIT Rule 7(f), for leave to submit a reply to Commonwealth Plywood's brief in opposition, which motion the Court is granting. In the reply, defendant maintains that it has "not moved to dismiss Bois Clo[-]Val and Les Entreprises Atlas from this action. There is no need to do so. Neither is a party to this action." <u>Def.'s Mot. For Leave to File Reply & Def.'s Reply to Commonwealth's Opp'n to Def.'s Mot. to Modify Injs.</u> at 3. Defendant also argues that it has "demonstrated" that "Commerce is unable to issue instructions to [Customs] based upon names that do not match the specific, individual names provided to Commerce on the record during the administrative review." <u>Id.</u> at 2 & 3.

In general, "courts have inherent power and the discretion to modify injunctions for changed circumstances." <u>Aimcor, Ala. Silicon, Inc. v. United States</u>, 23 CIT 932, 938, 83 F. Supp. 2d 1293, 1299 (1999)(citing <u>Sys. Fed'n No. 91 v. Wright</u>, 364 U.S. 642, 647

(1961)). However, the moving party bears the burden of establishing a "change in circumstances that would make the original preliminary injunction inequitable." Favia v. Ind. Univ. of Pa., 7 F.3d 332, 340 (3d Cir. 1993). To support its argument that defendant has "demonstrated" that Commerce is unable to issue suspension of liquidation instructions to Customs for importers that were not specifically named as parties in the underlying administrative review, defendant cites 19 U.S.C. § 1675 and 19 C.F.R. § 351.213. See Def.'s Mot. at 2. The cited provisions, however, address generally the matter of who may request an administrative review and do not address the issue of whether Commerce is prohibited or otherwise precluded from issuing suspension of liquidation instructions to Customs for importers identified in a preliminary injunction.

Defendant has failed to meet its burden of establishing that "changed circumstances, legal or factual, make the continuation of the injunction inequitable" absent a modification to delete the names appearing in the March 7, 2005 preliminary injunction that are associated with the non-consenting plaintiffs. Aimcor, Ala. Silicon, Inc., 23 CIT at 938, 83 F. Supp. 2d at 1299 (citing Favia, 7 F.3d at 340). Accordingly, the court denies defendant's motion to the extent that it seeks to remove from the March 7, 2005 preliminary injunction the names "Bois Clo-Val," "Les Entreprises Atlas," and "Leggett Wood." The language of the preliminary

injunction dated March 7, 2005 suspending liquidation of the entries subject to the administrative review at issue in this litigation was constructed after negotiation and was consented to by all affected parties. See Pl.'s Opp'n at 6. Defendant has failed to present, or even allude to, evidence establishing that the continuation of the March 7, 2005 injunction without removal of the names Bois Clo-Val, Les Entreprises Atlas, and Leggett Wood would render "the original preliminary injunction inequitable." Favia, 7 F.3d at 340. Nor has defendant made a showing that Commerce is unable to issue to Customs instructions pertaining to the March 7, 2005 preliminary injunction, or that Customs is unable to follow such instructions, without deletion of these names. Further, defendant has failed to show how it would suffer injury were the Court to reject the contested changes it seeks to the March 7, 2005 injunction.

Commonwealth Plywood, on the other hand, has established that the removal of Bois Clo-Val and Les Entreprises Atlas from the scope of the March 7, 2005 preliminary injunction is likely to cause irreparable injury. Such a modification could result in a loss of an opportunity to challenge the antidumping duty margins and deposit rates applied to import entries identified with those two names. See Pl.'s Opp'n at 3. Such a result could occur if Customs liquidates entries made in the name of either Bois Clo-Val and Les Entreprises Atlas. The same considerations require the

Court to conclude that defendant has not met the burden of showing that the name "Leggett Wood" should be removed from the March 7, 2005 preliminary injunction.

Because defendant has failed to meet its burden with regard to the contested modifications to the March 7, 2005 injunction, the Court is granting defendant's motion only to the extent that it would effect changes to the two preliminary injunctions that are consented to by the affected parties.  The Court is denying defendant's motion to the extent that it would make changes to the preliminary injunction entered March 7, 2005 to which the affected parties have not consented.  Accordingly, it is hereby

**ORDERED** that defendant's motion for leave to file a reply to Commonwealth Plywood's opposition is granted; it is further

**ORDERED** that defendant's motion to modify the injunctions is denied to the extent that it seeks to delete the names "Bois Clo-Val," "Les Entreprises Atlas" and "Leggett Wood" from the preliminary injunction entered on March 7, 2005; it is further

**ORDERED** that defendant's motion is granted to the extent that it seeks to modify or delete certain other references to names of plaintiffs in the preliminary injunction entered by this Court on March 7, 2005 in this consolidated action, and accordingly the Attachment A to the preliminary injunction entered by this Court on March 7, 2005 in this consolidated action is hereby modified:

To delete the reference "Winton Global Lumber Ltd." and to revise the accompanying reference "(formerly The Pas Lumber Company Ltd.)" to read "The Pas Lumber Company Ltd.",

To revise the reference to Bridgeside Higa Forest Industries Ltd. to delete the reference "(now known as Bridgeside Forest Industries Ltd.)",

To revise the reference to Vernon Kiln and Millwork Ltd. to delete the reference "(dba: Paragon Wood-Vernon Division)",

To delete the reference "Western Forest Products Inc." and to revise the accompanying reference "(successor company to Doman Forest Products Limited, Doman Industries Limited, and Doman Western Lumber Ltd.)" to read "Doman Forest Products Limited, Doman Industries Limited, and Doman Western Lumber Ltd.",

To revise the reference to Landmark Truss & Lumber Inc. to include separate Customs identification numbers for Landmark Truss & Lumber Inc. (Customs identification number A-122-838-230), Frontier Mills Inc. (Customs identification number A-122-838-184) and Fraser Pacific Forest Products, Inc. (Customs identification number A-122-838-180), and

To revise the reference to Tembec Inc. to delete the reference "Gestion PFT Inc.";

it is further

**ORDERED** that defendant's motion is granted to the extent that it seeks to delete certain references to names from the preliminary injunction entered by this Court on March 10, 2005 in this consolidated action, and accordingly the Exhibit A to the preliminary injunction entered by this Court on March 10, 2005 in this consolidated case is hereby modified:

To revise the reference to "Clair Industrial Development Corp. Ltd. (Waska)," by deleting from that reference the text "(also doing business as Waska Lath Inc.)", and

To revise the reference to Marwood Ltd. by deleting from that reference the text "(also doing business as: Cape Cod Wood Siding Inc., Marwood Inc. and Atlantic Pressure Treating Ltd.)."

/s/ Jane A. Restani
Chief Judge Jane A. Restani

/s/ Richard K. Eaton
Judge Richard K. Eaton

/s/ Timothy C. Stanceu
Judge Timothy C. Stanceu

Dated: July 14, 2005
New York, New York